# UNTED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN


U.S. District Court
Wisconsin Eastern

SEP - 2 2020

FILED
Clerk of Court

Crystal L. Holtz,
    Plaintiff,

              **COMPLAINT**
              **USDC:**

v.

Oneida Radisson Hotel/ Oneida Airport Hotel Corp.
      Defendant.

Oneida Airport Hotel Corporation
2040 Airport Drive
Green Bay, WI 54313

## COMPLAINT

### Background

The Plaintiff has received [her] EEOC Notice of Suit Rights dated 8.25.2020. the Cause infers No Jurisdiction and it cause is the EEOC believes the Defendant will use tribal sovereignty as a Defense and the EEOC does not have the time or funding to Defend a Defendant sovereignty defense. Thus, the affect is Closing the EEOC file concomitant issuance of *id.* Notice of Suit Rights. This Complaint is cause from the EEOC Notice of Suit Rights.

### COMPLAINT

The Plaintiff is required to state at least plausible claims for which relief may be granted. Firstly, the Defendant, Oneida Airport Hotel Corporation (OAHC) is an

1

Oneida Tribal Corporation but cannot pass arm-of-the-tribe tests mainly because of their Corporate Charter, see *Hwal'Bay Ba: J Enterprises, Inc., v. Honorable Lee F. Jantzen, Judge of the Superior Court of the State of Arizona, in and for the County of Mohave, and Sara and William Fox* [Fox tests], and *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144 (2012). The point? It is inferred the E.D. Wis.; Judge would write a Screening Order stating that OAHC is sovereign without proof of OAHC true identity[1] and prematurely Dismiss this Case[2]. The result of this point is, the Plaintiff demonstrates it is plausible that OAHC is not an arm-of-the-tribe because it would most likely fail arm-of-the-tribe tests based on their Corporate Charter to shield the Oneida Nation from liability[3], notwithstanding, language that states the Oneida Nation provides "irrevocable consent" that OAHC can sue and be sued, Article VI, Section M. In other words, OAHC is considered an "employer" just like any other corporation and must follow ADA, Title VII, and other State and Federal employee rules, regulations, and statutes.

Following, a **Related Case**, or in the alternative a continuation of USCA 20-1797, the Plaintiff has presented enough information to prevent a premature Screening Order Dismissal base on the idea that the Defense would assert a false sovereignty defense claim, *supra*, we turn now to a possible or in the alternative a plausible claim of employer misconduct under ADA, Title VII, Constructive Discharge, wrongful termination, U.S. Constitutional Fourteenth Amendment due process and equal protection violations.

---

[1] Requires 26(f) Scheduling Report concomitant discovery, deposition, &c.

[2] See, *Crystal Holtz v. Oneida Airport Hotel Corporation, Robert Barton, Steve Ninham, and Aimbridge Hospitality, LLC.*, USCA Case No. 20-1797.

[3] Oneida Seven Generations Corporation is not sovereign, and neither is OAHC, see *Oneida Seven Generations Corporation and Green Bay Renewable Energy, LLC v. City of Green Bay*, USDC Case No. 16-CV-01700-WCG, and on Appeal USCA Case No. 17-2341.

2

The Plaintiff, an Oneida tribal citizen who is also an ADA qualified person with a disability who also meets or is defined as an individual with disabilities under Wis. Stats. § 111.32(8), herein with some specificity, the Plaintiff, has physical (medically documentation arising from a severe automobile accident causing often debilitating head, neck, and back pain, *inter alia*), mental and psychological impairments (financial and domestic abuse documented in EAP) and more importantly is perceived to have a "drinking" problem, i.e., being an alcoholic and is the backdrop of, or in the alternative that one extra straw resulting in Constructive Discharge, i.e., wrongfully termination from employment.

The Plaintiff, sales manager, employed by the OAHC, was accused of drinking on the job on September 20, 2019, at the Oneida Radisson Hotel, Green Bay, WI, was terminated from [her] employment, setting off a long list of judicial actions and a ***Statement of Related Cases*** notwithstanding this Complaint, they are, *Crystal L. Holtz v. Caleb Frostman*, USDC Case No. 20-C-976, *Crystal Holtz v. Wisconsin Department of Workforce Development*, Brown County Case No. 2020-CV-000353, and *Crystal Holtz v. Oneida Airport Hotel Corporation, Robert Barton, Steve Ninham, and Aimbridge Hospitality, LLC*, USCA Case No. 20-1797. Herein the Plaintiff does not oppose Consolidation with USDC Case No. *id.* 976 if this Court believes it is prudent to "save everyone time and legal expense." See *Hoskins v. Poelstra*, 230 F.3d 761 (7 th Cir. 2003) at 763.

The Plaintiff must now write a "short plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Defendant OAHC is hereby ***noticed*** that [you] are accused of wrongfully terminating the Plaintiff by accusing [her] of "drinking on the job", i.e., being "falling-down-drunk", a perceived disability (Wis. Stats. § 111.32(8)(c)) that violates Americans for Disabilities Act and Wisconsin Fair Employment Law at Wis. Stats. § 111.31, *inter alia*, concomitant

3

failure to have adequate written policies to ensure legal efficacy. Mary Shaw, Plaintiff's supervisor was aware of Plaintiff's mental impairments (Wis. Stats § 111.32(8)(b)), i.e., demonstrated in text messages, and at least one occasion Ms. Shaw had to physically help the Plaintiff because the Plaintiff was being abused by family members. The Plaintiff was in a car accident that caused her physical impairments to [her] head, neck, and back and "makes [her] achievement unusually difficult or limits the capacity to work", see Wis. Stats. 111.32(8)(a). Although, the Plaintiff attempts to do the best job [she] can, the night before the accusation of being "falling-down-drunk", for [her] work, the plaintiff had a late flight and limits [her] capacity to do the best job [she] can. The flight and limitation were essentially ignored notwithstanding the Plaintiff had already worked more than 40 hours prior to the false accusation of being "falling-down-drunk".

Moreover, [you[4]] violated Title VII law when discriminating against the Plaintiff to change the terms and conditions of employment to move Plaintiff's job to Aimbridge Hospitality, LLC. To continue Title VII [you] discriminated against the Plaintiff and retaliated when questioning another employee's criminal record the son of the HR Director. To continue Title VII [you] failed to discipline co-worker Jen Peterson who willfully and purposefully harassed the Plaintiff because [she] was an Oneida [Native American, i.e., race] while also disparaging the Oneida Nation or in the alternative the tribal corporation Ms. Peterson worked for. To continue Title VII, Ms. Shaw discriminated against the Plaintiff and retaliated because Ms. Shaw is non-Oneida and the OAHC has an Indian preference policy and is the reason Ms. Shaw did not question Jen Peterson about the truth, i.e., why was the Plaintiff *not* "falling-down-drunk" because that is what Jen Peterson reported. To continue Title VII, [you] discriminated against the Plaintiff and retaliated by allowing Jen Peterson

---

[4] You, meaning the Defendants, the Oneida Airport Hotel Corporation.

4

to *redact* [her] name in Unemployment Insurance (UI) Hearings and then failed to ensure the protection or in the alternative discriminating against the Plaintiff by failing to disclose who that person was, *prior* to UI Hearing; then discriminated against the Plaintiff by ensuring Jen Peterson would *not* testify to [her] *redacted* email of her original complaint reporting the Plaintiff was "falling-down-drunk"; no testimony, no cross-examination, the *redacted* person (Jen Peterson) filing the initial complaint had to be "*forced*" by the UI Administrative Law Judge to be unmasked in an Unemployment Hearing because [you] wrongfully denied or in the alternative discriminated and retaliated against the Plaintiff to prevent [her] from receiving [her] known 7th Cir. declared Unemployment Benefit property right[5] and is cause of *id.* 976.

As noted *supra* and herein expanded upon, supervisor Mary Shaw testified that she did not witness the Plaintiff being "falling-down-drunk" such that Ms. Shaw testified that [she] talked, had a conversation with the Plaintiff about what [she] was being accused of, as they walked to the HR office. This Court will recognize that it is *impossible* for someone to be "falling-down-drunk" while also walking and having a coherent conversation about what is 'going on?'. When Ms. Shaw, a OAHC supervisor, recognized that the Plaintiff was *not* "falling-down-drunk" [she] discriminated against the Plaintiff because it was [her] job to investigate the reason for the difference in what [she] witnessed and what the Plaintiff was being accused of. Ms. Shaw retaliated against the Plaintiff because of the Plaintiff's race, because of Indian preference in employment (Ms. Shaw is not a Native American), i.e., supervisor Shaw' employment was benefited by removing the Plaintiff who was an Indian Preference threat to [her]. A note to this Court, the word *impossible* is used,

---

[5] See, *Crystal L. Holtz v. Josh Kaul, Jack Rakowski, and Unemployment Insurance,* USDC Case No. 19-CV-1646-JPS, page 4.

because it raises the right to relief above a speculative level; there is an underlying unfairness that points to U.S. Constitutional due process and equal protections deprivations, and some deprivations herein, are done on purpose; the Plaintiff is entitled to relief.

The Screening Order suggests the Plaintiff, provide a notice to the nature and extent of damage or injury the discriminatory, retaliatory, wrongful or in the alternative constructive discharge, actions and inactions have caused. Herein, the Plaintiff lost [her] job and is particularly important in the time of COVID-19 and is cause of loss of employment income. The wrongful discriminatory, retaliatory termination has damaged the Plaintiff's reputation for work now and into the future. The wrongful discriminatory, retaliatory termination has personally "labelled" [her] an alcoholic, a "falling-down-drunk" drunk. The wrongful discriminatory, retaliatory termination has caused a series of lawsuits resulting in some court costs, i.e., some have been filed IFP concomitant legal fees and copies &c. Also, the wrongful discriminatory, retaliatory termination resulted in a denial of Unemployment Benefits due to the Plaintiff and is the cause of at least one related Case upon Appeal, see *id.* 353.

The above represents enough factual matter, "that is plausible on its face," see *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) at 678, also *Bell Atl. Corporation v. Twombly*, 550 U.S. 544 (2007) at 570. Albeit, a short and plain statement is required, enough detailed factual allegations are uncovered and adorned *supra* with sufficient inferences that the Defendant may have, or did, indeed cause harm to the Plaintiff, see *Twombly* at 550. Herein, as this Court will note, contain more that threadbare recitals because this Complaint contains sufficient factual matter, accepted as true, and states a claim to relief that is plausible on its face, see *Twombly* at 570. This

Court must draw the reasonable inference that the Defendant is liable for the misconduct alleged, see *Twombly* at 556.

## JURISDICTION

The Plaintiff has a right to sue in this Court, Federal District Court because the Plaintiff has received the required U.S. Equal Employment Opportunity Commission Notice of Suit Rights and this court action or in the alternative lawsuit has been commenced with 90 days of the Notice of Suit Rights Notice dated 8.25.2020.

## RELIEF

Based on the information in the Complaint Section, *supra,* the description of damages and injuries arises from mixed motives and underlies discrimination, intentional discrimination, and mixed motives that underly Constructive Discharge, wrongful termination, damage to reputation. Since OAHC is like any other corporation, the Plaintiff ought to [1] be **reinstated** to [her] original position before being wrongfully terminated [2] be sufficiently **compensated for lost wages** since termination and can be calculated from an approximate annual yearly income of $65,000/ year. [3] be **awarded court costs, printing, mailing, and other fees**, determined to be reasonable, *sua sponte.* [4] Because the Defendant wrongfully believes, because they are "sovereign" [they] can disparage any employee with impunity; disparately treating the Plaintiff, such that the Plaintiff ought to be **awarded equitable relief**, compensatory damages, damage and injury to [her] reputation, and punitive damages in the capped Title VII amount for a corporation with 201-500 employees of $200,000 or an amount higher that this Court deems under ADA or other circumstances, to be more appropriate.

## EEOC NOTICE OF SUIT RIGHTS

The Notice is herein attached, dated 8.25.2020.

7

## JURY DEMAND

The Plaintiff herein requests a Jury Trial.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

The filing fee of $400 is not attached. Since the Plaintiff is unemployed such that *id.* 976 has just been Granted IFP (20-cv-00976-WCG, ECF Doc. 7, dated August 18, 2020), i.e., nothing has changed, the Plaintiff requests by Motion to Proceed IFP in this Case.

## MOTION TO HAVE THE COURT SERVE DEFENDANT

Since the Plaintiff believes that this Court will allow this Case to proceed IFP, the Plaintiff hereby Motion Request this Court serve the Defendant. The Plaintiff will pay U.S. Marshall mailing fee upon billing.

## CONSOLIDATION OF CASES

The Plaintiff is not opposed to E.D. Wis., Consolidation of this Case, and *id.* 976.

## MOTION TO HAVE E.D. WIS., APPOINT PLAINTIFF LAWYER

Although, this Court denied the Plaintiff's Motion to Appoint Lawyer in *id.* 976, because tribal law is involved the Plaintiff ask' the Court to reconsider appointing a lawyer for the Plaintiff because it is in the best interest of all parties to ensure the Plaintiff receive a full and fair hearing from the very beginning, see *Marchant v. Pennsylvania RR. Co.*, 153 U.S. 380 (1894).

8

# DECLARATION

I, Crystal Holtz, declare under penalty of perjury that the foregoing is true and correct.

The Complaint signed this day, August 30, 2020.

Signature: *Crystal Holtz*

Crystal Holtz
1140 Moraine Way, Apt. 21
Green Bay, WI 54303

Ph: 954.647.5156