## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CRYSTAL HOLTZ,

        Plaintiff,

    v.                                Case No. 20-C-1360

ONEIDA AIRPORT HOTEL CORPORATION,
d/b/a Oneida Radisson Hotel,

        Defendant.

## ORDER

Plaintiff Crystal Holtz filed a complaint against Defendant Oneida Airport Hotel Corporation on September 2, 2020. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the filing fee and to screen the complaint.

The court is authorized to screen the complaint to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

In this case, Plaintiff alleges that, while she was employed as a sales manager at Defendant, she was accused of drinking on the job on September 20, 2019, and was subsequently terminated. Plaintiff claims Defendant wrongfully terminated her and that her wrongful termination violates the Americans with Disabilities Act, Wisconsin Fair Employment Law, and Title VII. Plaintiff seeks reinstatement, compensation for her lost wages, court costs, and other compensatory damages.

Plaintiff filed a similar lawsuit in *Holtz v. Oneida Airport Hotel Corporation*, Case No. 19-C-1682 (E.D. Wis.) (*Holtz I*). In that case, Plaintiff alleged that, on September 20, 2019, while she was employed at the Radisson Hotel and Conference Center of Green Bay, hotel security personnel escorted her from work to St. Mary's Hospital because they suspected her of drinking alcohol while at lunch. She claimed that she did not refuse screening and that the hospital's exam revealed that she was not impaired. In any event, the defendant terminated her employment soon

after the drug screening on September 23, 2019. Plaintiff asserted she was wrongfully terminated, alleged discrimination because the human resources department stated her daughter will never work for the hotel, and that her employer may have violated other laws regarding workhours, wages, and compensation. The court granted Defendants' motion to dismiss, finding that Plaintiff's claims were barred by sovereign immunity and that Plaintiff had failed to state a federal claim in any event.

Plaintiff's claims in this case are likewise barred by sovereign immunity. As the court explained in *Holtz I*:

> The Oneida Airport Hotel Corporation, d/b/a Radisson Hotel and Conference Center of Green Bay, . . . is an entity owned and operated by the Oneida Nation, formerly known as the Oneida Indian Tribe of Wisconsin, a federally recognized Indian tribe. . . . "Indian tribes are domestic dependent nations that exercise inherent sovereign authority." *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (internal quotation marks omitted). Among the core aspects of sovereignty that tribes possess is the common-law immunity from suit traditionally enjoyed by sovereign powers. *Id.* The interests served by the doctrine of tribal sovereign immunity are at their highest when a tribe exercises tribal authority over its own members on its own land. Indian tribes retain "'their original natural rights' in matters of local self-government." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55 (1978) (quoting *Worcester v. Georgia*, 6 Pet. 515, 559 (1832)). "Although no longer 'possessed of the full attributes of sovereignty,' they remain a 'separate people, with the power of regulating their internal and social relations.'" *Id.* (quoting *United States v. Kagama*, 118 U.S. 375, 381–82 (1886)). "They have power to make their own substantive law in internal matters . . . and to enforce that law in their own forums." *Id.* at 55–56 (internal citations omitted). In addition, tribal officers are also immune from suit when they act within their official capacity and within the scope of their authority. *Id.* at 59.

No. 19-C-1682, 2020 WL 2085287, at *3 (E.D. Wis. Apr. 30, 2020). Because the Oneida Nation is considered a sovereign nation, Plaintiff's claims against the Nation and its agents acting within the scope of their employment and authority are barred.

Even if Defendant is not immune, Plaintiff's claims are barred by the doctrine of res judicata. The doctrine of res judicata, or claim preclusion, "bars any claims that were litigated or

3

could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). Res judicata "forecloses repeated suits on the same claim, even if a plaintiff advances a new legal theory or a different kind of injury." *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970, 970 (7th Cir. 2019). Stated differently, res judicata extends to claims that could have been brought in a prior action, but were not.

Here, all three elements of res judicata are satisfied. *Holtz I* and the instant case involve the same parties, and a final judgment was entered in *Holtz I*. As for identity of the claims, the two sets of claims presented in the respective lawsuits are treated as identical for the purposes of res judicata if they arose out of the same transaction, or are based on the same, or nearly the same, factual allegations. *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007) (citation omitted). Plaintiff's claim that Defendant wrongfully terminated her has already been litigated in *Holtz I*, and she is barred from reasserting those claims here under the doctrine of res judicata. To the extent Plaintiff seeks to assert new claims in this case, those claims are also barred by res judicata because all legal theories arising out of the same transaction or series of transactions must be brought in one lawsuit. *See Wilson v. City of Chicago*, 120 F.3d 681, 686 (7th Cir. 1997) ("Two claims arising from the same set of facts are one claim for res judicata purposes, and may not be split . . . by making each claim the subject of a separate suit"). In short, Plaintiff's claims in this lawsuit are barred by the doctrine of res judicata.

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED**.

4

**IT IS FURTHER ORDERED** that this case is dismissed.  The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 28th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge